FILED
BILLINGS DIV.

2009 MAR 17 PM 1 13

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| DECKER COAL COMPANY, | ) |
| | ) CV-07-126-BLG-RFC |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; | ) |
| UNITED STATES DEPARTMENT | ) ORDER ADOPTING FINDINGS |
| OF THE INTERIOR; et al., | ) AND RECOMMENDATIONS OF |
| | ) U.S. MAGISTRATE JUDGE |
| Defendants. | ) |
| | ) |

On November 6, 2008, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendations (*Doc. 31*). Magistrate Judge Ostby recommends setting aside the Interior Board of Land Appeals' ("IBLA's") decision and entering judgment for Decker.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Defendants filed an objection on November 24, 2008. Plaintiff responded to Defendants' objections on December 12, 2008. Defendants' objections require this Court to make a *de novo* determination of those portions of the Findings and

1

Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). Defendants' objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

The Court reviews the IBLA decision under the Administrative Procedures Act. The Court engages in a limited review of IBLA decisions, and "will reverse only if the decision is arbitrary, capricious, not supported by substantial evidence, or contrary to law." *Akootchook v. U.S.*, 271 F.3d 1160, 1164 (2001); *see also* 5 U.S.C. § 706. "An agency's decision is arbitrary and capricious 'if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Northwest Envt'l Defense Center v. Bonneville Power Admin.*, 477 F.3d 668, 687 (9th Cir. 2007) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983)).

To determine whether an IBLA decision rests on substantial evidence, courts must "carefully search the entire record to determine whether it contains 'such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion' and whether it demonstrates that 'the decision was based on a consideration of the relevant factors.'" *Hjelvik v. Babbitt*, 198 F.3d 1072 (9th Cir. 1999) (internal citations omitted).

Finally, courts "must give substantial deference to an agency's interpretation of its own regulations." *Akootchook*, 271 F.3d at 1167. Courts "must defer to the agency's interpretation 'unless an alternative reading is compelled by the regulation's plain language or by other indications of the Secretary's intent at the time of the regulation's promulgation.'" *Id.* (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994)). Thus, an agency's interpretation "does not control where . . . it is plainly inconsistent with the regulation at issue." *Friends of Southeast's Future v. Morrison*, 153 F.3d 1059, 1069 (9th Cir. 1998).

The Minerals Management Service's (MMS) 2003 decision applied only factor (v) from the pre-1989 regulations, the price that ComEd actually paid for the coal and reported to a public utility commission. As to the 1989 regulations, MMS relied on benchmark (ii), the prices ComEd reported it paid to FERC and the state public utility commission.

In the 2005 modification of the of its 2003 decision, MMS acknowledged that it erred in applying benchmark (ii) of the 1989 regulations. MMS instead found the

first applicable criterion was (iv), the catch-all provision. It then determined that the 1974 Decker-ComEd contract, which was "negotiated for the sale of significant quantities of the same source coal, to the same ultimate purchaser, under contracts entered into the same time frame" was the best measure of the true value of the coal.

The 2005 MMS decision does not address valuation under the pre-1989 regulation. As pointed out by the Findings and Recommendations, it is puzzling that the IBLA purports to specifically affirm the 2005 MMS's determination under the pre-1989 regulations. Adding to the confusion is that the MMS's 2003 decision found that Decker had to pay royalties under the pre-1989 regulations at the price of the Wyoming Contracts, not the Decker/ComEd price.[1] The IBLA thought it was affirming the 2005 MMS decision that royalty value must be based on the Decker/ComeEd price, however, this is contrary to what the IBLA said in its conclusion when it indicated that the Wyoming Contract was the proper price.

The MMS's application of the regulations which were affirmed by the IBLA is flawed. The MMS erred in applying the 1989 regulations by proceeding to benchmark (iv) and then imputing a value solely from the 1974 Decker/ComEd contract, which was far less similar to the Montana Contracts then the examples of

---

[1] The Wyoming Contract prices were several dollars per ton higher than the 1974 Decker/ComEd contract prices, the price imputed by MMS under the 1989 regulations which IBLA affirmed.

4

arm's-length contracts provided by Decker which the MMS rejected. The MMS erred in applying the pre-1989 regulations by giving only one factor meaningful consideration. Additionally, MMS's most recent conclusion under these regulations in 2003 applies only factor (v), which MMS admitted was a mistake in the context of the 1989 regulations. Further, the IBLA's affirmance of the MMS in this respect fails to correctly identify the factor MMS relied on in its decision.

Specifically, with regard to the 1989 regulations, MMS also erred in refusing to value the Montana Contracts coal under benchmark (i) of the 1989 regulations. MMS's cursory dismissal of benchmark (i) on the basis of one factor in the list, terms, when the regulations direct that MMS "shall consider" all factors, was erroneous and contrary to the plain language of the regulation. MMS also compounds its error by proceeding to benchmark (iv), the catchall provision in the 1989 regulations, and relying exclusively on the 1974 Decker/ComEd contract to impute value to the coal sold under the Montana Contracts.

The IBLA finding that the 1974 Decker/ComEd contract prices were the best measure of value for royalties on coal sold under the Montana Contracts is arbitrary, capricious, contrary to the regulations, and unsupported by substantial evidence. The regulations at issue, and the relevant case law, do not allow MMS to ignore evidence – in the form of contemporaneous arm's-length contracts and spot market

prices, that Decker received prices at or above market value in the Montana Contracts, and then rely exclusively on a long-term supply contract entered into twelve years earlier, with very different terms, to value coal for royalties assessment.

Specifically, with regard to the pre-1989 regulations, the MMS's application of the pre-1989 regulations, as affirmed by the IBLA, also need to be set aside. The MMS's 2005 modification makes no finding under the pre-1989 regulation as to why the 1974 Decker/ComEd contract prices should govern. The IBLA also failed to correctly identify the basis for the MMS decision it was affirming. If the Court assumes that the MMS, by implication in the 2005 modification, shifted its rationale from factor (v) to the catch-all factor (vi), the IBLA and MMS misapplied the pre-1989 regulations. The MMS and IBLA erred by failing to consider the enumerated factors in the pre-1989 regulations before relying solely on prices from the Wyoming Contracts.

The IBLA's affirmance of the MMS's decision regarding royalties due under both the pre-1989 regulations and the 1989 regulations is arbitrary, capricious, contrary to law and unsupported by substantial evidence. Therefore, IT IS HEREBY ORDERED that the IBLA's 2007 decision is set aside and judgment is entered for Decker.

The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this \_\_\_\_ day of _____, 2009.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE